**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| MAHMOUD HAMADA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:19-cv-02777-DCN-MGB |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| THE BOEING COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Magistrate Judge Mary Gordon Baker's report and recommendation ("R&R"), ECF No. 62, that the court grant defendant The Boeing Company's ("Boeing") motion for summary judgment, ECF No. 54. For the reasons set forth below, the court adopts the R&R and grants Boeing's motion for summary judgment.

## I.  BACKGROUND

This case arises out of Boeing's alleged discrimination against its former employee, plaintiff Mahmoud Hamada ("Hamada"). Hamada is an Egyptian/Middle Eastern man who was employed by Boeing from 2014 to 2018. Hamada alleges that in 2015, his coworkers accused him of being a terrorist and Boeing subsequently refused to allow him to return to work for three weeks, despite the Federal Bureau of Investigation's ("FBI") decision to clear him of any wrongdoing after a four-day investigation. Hamada further alleges that in August 2018, he filed a religious discrimination complaint against one of his supervisors, Keith McDonald ("McDonald"), and Boeing retaliated by firing him a little over two months later. Prior to his termination, in September 2018, Hamada sought two weeks of paid leave to travel to Egypt and visit his ailing mother. To finalize

1

the leave under the Family and Medical Leave Act ("FMLA"), Hamada submitted paperwork from his mother's physician to Boeing, as requested. The following day, Boeing notified Hamada that the paperwork was deficient because it listed incorrect dates. Hamada failed to respond and remained in Egypt for more than a month. He learned of his termination when he returned from Egypt on November 1, 2018. On August 30, 2019, Hamada filed a complaint against Boeing in the Charleston County Court of Common Pleas. See ECF No. 1-1, Compl. The action was removed to this court on September 1, 2019. ECF No. 1. At this stage of the proceedings, Hamada's remaining causes of action are violation of the FMLA; discrimination in violation of Title VII of the Civil Rights Act ("Title VII") and 42 U.S.C. § 1981 ("Section 1981"); and retaliation under Title VII and Section 1981.

On September 3, 2020, Boeing filed its motion for summary judgment. ECF No. 54. Hamada responded to the motion on September 28, 2020, ECF No. 57, and Boeing replied on October 5, 2020, ECF No. 58. The case was referred to Magistrate Judge Baker for a recommendation on summary judgment pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(g) (D.S.C). On April 23, 2021, Magistrate Judge Baker issued the R&R, recommending that the court grant the motion for summary judgment. ECF No. 62. On May 6, 2021, Hamada filed objections to the R&R. ECF No. 66. Boeing responded to Hamada's objections on May 18, 2021. ECF No. 67. Boeing did not object to the R&R, and the time to do so has now expired. As such, the matter is now ripe for the court's review.

## II.  STANDARD

This court is charged with conducting a de novo review of any portion of the

Magistrate Judge's R&R to which specific, written objections are made.  28 U.S.C.

§ 636(b)(1).  A party's failure to object is accepted as agreement with the conclusions of

the Magistrate Judge.  See Thomas v. Arn, 474 U.S. 140, 149–50 (1985).  The

recommendation of the Magistrate Judge carries no presumptive weight, and the

responsibility to make a final determination rests with this court.  Mathews v. Weber, 423

U.S. 261, 270–71 (1976).  However, de novo review is unnecessary when a party makes

general and conclusory objections without directing a court's attention to a specific error

in the Magistrate Judge's proposed findings.  Orpiano v. Johnson, 687 F.2d 44, 47 (4th

Cir. 1982).  In the absence of a specific objection, the court reviews the R&R only for

clear error.  Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir.

2005) (citation omitted).

Summary judgment shall be granted if the pleadings, the discovery and disclosure

materials on file, and any affidavits show that there is no genuine dispute as to any

material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ.

P. 56(c).  "By its very terms, this standard provides that the mere existence of some

alleged factual dispute between the parties will not defeat an otherwise properly

supported motion for summary judgment; the requirement is that there be no genuine

issue of material fact."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986).

"Only disputes over facts that might affect the outcome of the suit under the governing

law will properly preclude the entry of summary judgment."  Id. at 248.  "[S]ummary

judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the

evidence is such that a reasonable jury could return a verdict for the nonmoving party."
Id.  "[A]t the summary judgment stage the judge's function is not himself to weigh the
evidence and determine the truth of the matter but to determine whether there is a
genuine issue for trial."  Id. at 249.  The court should view the evidence in the light most
favorable to the non-moving party and draw all inferences in its favor.  Id. at 255.

### III.  DISCUSSION

At the outset, Hamada claims that he objects to the R&R's "errors of law and
fact" but fails to cite any legal authority indicating that the R&R erred on the applicable
substantive law.  Instead, Hamada fills ten pages of his objections with his recitation of
the facts.  Hamada also makes various objections about the R&R's findings on his
individual claims.  The court finds none of these objections convincing.

#### A.  The R&R's Recitation of Facts

Hamada first argues under Objection 1 that instead of citing to any of the
testimony raised by Hamada in his response to the motion for summary judgment, the
R&R only cites to the complaint, Magistrate Judge Bristow Marchant's R&R on the
motion to dismiss, and Boeing's motion for summary judgment.  ECF No. 66 at 5.  In the
same vein, Hamada argues under Objection 2 that the R&R failed to consider the material
facts in a light most favorable to him.  Id.  However, these arguments fail for several
reasons.  First, in considering the allegations of the operative amended complaint in its
recitation of the facts, the R&R undoubtedly viewed the facts in the light most favorable
to Hamada because those are Hamada's allegations.  Indeed, in the R&R's factual
summary, the R&R cites exclusively to ECF No. 19, Hamada's amended complaint.
Second, the R&R also contains numerous citations to ECF No. 57—Hamada's response

4

to Boeing's motion for summary judgment—and its exhibits. The court counts at least thirty-nine references to ECF No. 57 in the R&R. Finally, as the R&R points out, a court's analysis of discrimination claims frequently involves shifting the burden back to the plaintiff if the defendant shows a legitimate, nondiscriminatory reason for an adverse employment action. ECF No. 62 at 10 (citing Ferguson v. Waffle House, Inc., 18 F. Supp. 3d 705, 719 (D.S.C. 2014)); see also discussion infra; Purchase v. Astrue, 324 Fed. App'x 239, 241 (4th Cir. 2009) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 804 (1973)). As such, the R&R did not err to the extent it considered Boeing's evidence and noted Hamada's lack of adequate responses on certain issues. A review of the R&R reveals a balanced recitation of the facts that are fairly drawn from both Hamada and Boeing.

Next, under Objection 3, Hamada lists facts that he argues the R&R failed to consider. ECF No. 66 at 6. However, instead of explaining how the R&R failed to consider them, Hamada simply restates his version of the facts, which are nearly identical to the facts in his response to the motion for summary judgment. In this objection, Hamada does not point the court to sections of the R&R where the Magistrate Judge did not consider certain facts or explain how the R&R erred in any legal analysis by failing to consider those facts. Rather, he simply argues that the R&R "ignore[ed] the sworn testimony set forth in the Response to Defendant's Motion for Summary Judgment which actually shows the significant treatment received by the Plaintiff" and then proceeds to set out his facts. Id. The court has already found that the Magistrate Judge did not ignore Hamada's response to the motion for summary judgment. Moreover, given this conclusory objection and Hamada's failure to "direct the court to a specific error in the

5

magistrate's proposed findings and recommendations," the court need only review the R&R's factual rendition for clear error.  Orpiano, 687 F.2d at 47.  After considering Hamada's objection and reviewing the record for clear error, the court finds that the R&R did not present the facts in a light most favorable to Boeing and that Hamada's objection is without merit.

### B.  Objections to Individual Claims

Hamada additionally lodges objections for each of his individual claims.  The court addresses each in turn.

### 1.  Discrimination Under Title VII and Section 1981

Hamada objects to the R&R's recommendation that Hamada's claims for discrimination in violation of Title VII and Section 1981 must fail.  "Absent direct evidence, the elements of a prima facie case of discrimination under Title VII[1] are: (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class."  Coleman v. Md. Cir., 626 F.3d 187, 190 (4th Cir. 2010) (citing White v. BFI Waste Servs., LLC, 375 F.3d 288, 295 (4th Cir. 2004)).  If the plaintiff establishes a prima facie case of discrimination, courts commonly apply what is known as the McDonnell Douglas framework, in which the burden shifts to the defendant "to articulate a legitimate, nondiscriminatory reason" for the adverse action.  Holland v. Washington Homes, Inc., 487 F.3d 208, 214 (4th Cir. 2007)  If the defendant provides such a reason, the burden shifts back to the plaintiff to prove that the defendant's reasons

---

[1] Title VII and Section 1981 employment discrimination claims are analyzed with the same requirements.  ECF No. 62 at 9 n.3.

6

"were a pretext for discrimination." Id.  The R&R concluded that Hamada failed to establish a prima facie case of discrimination because he failed to identify similarly situated employees who were treated differently.

Under Objection 5, Hamada argues that the R&R's determination that Hamada cannot establish any evidence of discrimination "is in error" because "[w]hen reviewing the facts in a light most favorable to the Plaintiff it is clear that the Plaintiff has met these requirements of the prima facie case." ECF No. 66 at 12.  This objection states nothing more than "disagreement with [the] magistrate's suggested resolution" of the motion for summary judgment, and it does not specifically identify any factual or legal error in the R&R.  See Aldrich v. Bock, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).  In Objection 6, Hamada restates his argument—which he concedes is exactly "[a]s presented in the Response in Opposition to Defendant's Motion for Summary Judgment," ECF No. 66 at 12—regarding whether the termination was motivated by discrimination and the reasons provided for that termination were pretextual.  A party's objections to an R&R that simply restate the party's original argument before the magistrate judge are not "cognizable and specific" objections.  Weber v. Aiken-Partain, 2012 WL 489148, at *2 (D.S.C. Feb. 15, 2012); see also Brockington v. S.C. Dep't of Soc. Servs., 2019 WL 1090724, at *1 (D.S.C. Mar. 8, 2019) ("[O]bjections that merely rehash arguments previously raised and considered by the Magistrate Judge are insufficient to direct the Court to a specific error.").  Because Hamada raises the same arguments as he did in his response to the motion for summary judgment, the court "must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (internal quotations and citation omitted).

After reviewing the record in this case, the applicable law, and the R&R under a clear error lens, the court finds no clear error in the R&R's finding that Hamada failed to establish a prima facie case of discrimination. Even if Hamada had made a prima facie showing, the R&R correctly applied the three-part burden-shifting framework and alternatively found that Hamada failed to rebut direct proof that he was fired for a legitimate reason: he accumulated an extended absence after his leave paperwork was denied. Finding no clear error, the court overrules Objections 5 and 6, which are the only two that could reasonably be construed as related to Hamada's discrimination claim.

### 2.  Retaliation Under Title VII and Section 1981[2]

Hamada argues in Objection 7 that his retaliation claims were improperly dismissed because the testimony presented by both sides "creates a genuine issue of material fact" as to these claims and "[c]ausation is present." ECF No. 66 at 13–14. A plaintiff may prove a retaliation claim via application of the McDonnell Douglas burden-shifting framework, where retaliation constitutes the adverse action. See Roberts v. Glenn Indus. Grp., Inc., 998 F.3d 111, 122 (4th Cir. 2021). Under this framework, the plaintiff must first make a prima facie showing of retaliation by proving that: (1) he engaged in a protected activity; (2) his employer took a materially adverse action against him; and (3) there was a causal link between the two events. Perkins v. Int'l Paper Co., 936 F.3d 196, 213 (4th Cir. 2019). In order to establish a causal connection between the

---

[2] Hamada concedes that his Title VII claim based on the 2015 FBI investigation is time-barred and that "[t]he Plaintiff is not pursuing a cause of action for National Origin Discrimination pursuant to Section 1981. The Plaintiff is pursuing a race complaint due to his brown complexion." ECF No. 57 at 21–22. The R&R recommended granting summary judgment for Boeing on those claims. The court agrees but finds it unnecessary to wade into those waters since all of Hamada's claims fail for similar reasons.

8

protected activity and alleged retaliation, the plaintiff must establish that the decisionmaker had knowledge that he engaged in the protected activity and retaliated against him because of that protected activity.  Holland, 487 F.3d at 218.  If the plaintiff establishes a prima facie case of retaliation, the burden shifts to the defendant to rebut the presumption of retaliation by articulating a non-retaliatory reason for its actions.  Id.  The plaintiff then bears the ultimate burden of proving that the proffered reason is pretext for unlawful retaliation.  Id.

The R&R found, based on a review of the record, that the facts do not support the inference of causation between Hamada's religious discrimination complaint about McDonald and Hamada's termination.  The R&R notes, as just one example, that the record indicates that McDonald was not actually responsible for the decision to terminate Hamada.  In his objections, Hamada argues that this example is an open question of fact; he claims that McDonald was the one who terminated Hamada and that McDonald had the ability to provide leave without pay instead.  ECF No. 66 at 13.  The court finds this assertion unsupported by the record.  As Boeing notes, McDonald testified to the exact opposite during his deposition.

> Q:    All right.  Earlier you testified that leave without pay was provided during COVID.  Who made the decision to provide that leave without pay to employees?
> A:    I don't know, ma'am.
> Q:    Okay.
> A:    That was well above my pay grade.
> Q:    As a manager, do you have the option to provide leave without pay to employees?
> A:    No, ma'am.

ECF No. 67 at 11 (citing ECF No. 58-1, McDonald Dep. at 49:1–10) (cleaned up).  Nevertheless, the fact that McDonald did not himself terminate Hamada does not, on its own, defeat Hamada's retaliation claim.  In other words, the subject of an employee's

protected workplace discrimination complaint need not be the person who took the retaliatory action to establish causation.

But as the R&R points out, Hamada's only other evidence of causation is the short amount time that elapsed between the complaint and his termination. See ECF No. 57 at 19.[3] As the R&R correctly explained, "temporal proximity between Plaintiff's religious discrimination complaint and his termination, without more, is insufficient to overcome summary judgment." ECF No. 62 at 18. A court may find causation when one or two months have passed between the protected activity and the retaliatory act, but "only where there are additional facts to establish the causal connection, beyond the timeline of events." Winston v. Maryland, 2018 WL 5786130, at *10 (D. Md. Nov. 5, 2018) (citations omitted). In his objections, Hamada generally references McDonald's testimony for the proposition that "[c]ausation is present because it presents a question for which a jury should and could consider." ECF No. 66 at 14. This objection fails to direct the court's attention to any additional facts proving causation which resulted in the R&R's error in judgment. Therefore, the court finds that the R&R correctly analyzed the causation element.

Even if Hamada had established a prima facie case of retaliation, Boeing rebutted the presumption of retaliation by articulating non-retaliatory reasons for the termination. Specifically, Boeing's human resources department made the decision to terminate

---

[3] Hamada did not object to the R&R's finding in this respect—at least in the context of retaliation. In his objection to the Magistrate Judge's recommendation that the court grant summary judgment on his FMLA claim, Hamada includes a single sentence wherein he argues that the R&R improperly determined "that the only evidence [of causation] is time." ECF No. 66 at 14. Because that objection was directed at Hamada's FMLA claim alone, the court addresses it in the discussion of that claim below.

Hamada's employment due to excessive absences in violation of Boeing's Leaves of Absence Policy. ECF No. 54-13 at 4–5. Therefore, the burden would have shifted to Hamada to prove that these reasons were merely pretext for the retaliation. However, Hamada failed to address the issue of pretext in his objections. In his response to the motion for summary judgment, Hamada argued that he had established pretext by the fact that Hamada complied with Boeing's policies and that Boeing "failed to follow its own policies and procedures." ECF No. 57 at 20–21. Neither allegation is supported by the record, and together, they fail to adequately rebut Boeing's documentary and testimonial evidence. Therefore, the court alternatively finds that Hamada's retaliation claims fail as a matter of law on this basis as well and grants Boeing's motion for summary judgment.

### 3.  Violation of the FMLA

Hamada next challenges the R&R's finding that summary judgment is appropriate on his claim of retaliation in violation of the FMLA. The FMLA makes it unlawful for an employer to discharge or otherwise retaliate against any individual for exercising his or her substantive rights under the act. 29 U.S.C. § 2615(a)(2). "The FMLA creates two types of claims: (1) interference claims, in which an employee asserts that his employer denied or otherwise interfered with his substantive rights under the Act; and (2) retaliation claims, in which an employee asserts that his employer discriminated against him because he engaged in activity protected by the Act." Carr v. Mike Reichenbach Ford Lincoln, Inc., 2013 WL 1282105, at *6 (D.S.C. Mar. 26, 2013) (citation omitted). The R&R construed Hamada's cause of action as a claim of retaliation, rather than interference.

11

The elements that Hamada must establish to make a <u>prima</u> <u>facie</u> showing of retaliation in violation of the FMLA are the same as those required for a <u>prima</u> <u>facie</u> showing of retaliation in violation of Title VII and Section 1981.  <u>Yashenko v. Harrah's NC Casino Co., LLC</u>, 446 F.3d 541, 551 (4th Cir. 2006); <u>Perkins</u>, 936 F.3d at 213 (outlining the elements of a <u>prima</u> <u>facie</u> case for retaliation in violation of Title VII); <u>Boyer-Liberto v. Fontainebleau Corp.</u>, 786 F.3d 264, 281 (4th Cir. 2015) (explaining that the elements for a prima facie retaliation claim under Section 1981 are the same as a Title VII retaliation claim).  Accordingly, Hamada must show "that he engaged in protected activity, that the employer took adverse action against him, and that the adverse action was causally connected to the plaintiff's protected activity."  <u>Yashenko</u>, 446 F.3d at 551. Similarly, "FMLA claims arising under the retaliation theory are analogous to those derived under Title VII and so are analyzed under the burden-shifting framework of McDonnell Douglas."  <u>Id.</u> 550–51.  The R&R found that, based on the record, a reasonable jury could not find that Hamada's termination was causally connected to his request for FMLA leave.  Moreover, even if Hamada could establish causation to make a <u>prima</u> <u>facie</u> showing, Boeing offered a legitimate, nondiscriminatory reason for Hamada's termination, and Hamada offered no evidence to suggest that this reason was pretextual.  Hamada raises two objections to challenge the Magistrate Judge's findings.

Under Objection 4, Hamada argues that he was treated differently than others in connection with his FMLA request.  In doing so, he makes identical arguments in his objections as he did in his response to Boeing's motion for summary judgment.  <u>Compare</u> ECF No. 66 at 10–12 <u>with</u> ECF No. 57 at 13–14.  As discussed earlier, a party's objections to an R&R that simply rehash arguments already considered by the Magistrate

Judge do not direct the court to a specific error. Brockington, 2019 WL 1090724, at *1. Therefore, the court considers this a general objection and finds no clear error in the R&R's consideration of the facts raised in Objection 4.

In Objection 8, Hamada additionally argues that the R&R failed to consider evidence that "show[s] the Defendant failed and refused to properly follow the laws of the FMLA." ECF No. 66 at 14. Hamada points to evidence that: (1) Hamada provided certification of his mother's condition to Boeing; (2) at all times, Boeing knew why Hamada was in Egypt and it did not attempt to contact Hamada about its denial of his certification; and (3) Boeing had the ability to place Hamada on leave without pay instead of terminating him. However, Hamada's arguments fail because the evidence is either irrelevant or the R&R did, in fact, consider it.

As previously noted, the R&R construed Hamada's cause of action as a claim of retaliation, rather than interference. The R&R found that Hamada did not allege that Boeing interfered with the FMLA benefits that Hamada was entitled to under the act, nor could he. More importantly, the R&R noted that the parties' briefings, including Hamada's response to the motion for summary judgment, only addressed a claim for FMLA retaliation. As such, evidence on the sufficiency of the certification is not relevant because Hamada is not arguing that Boeing rejected Hamada's certification in an effort to prevent him from taking his leave.[4]

---

[4] Hamada appears to misinterpret the R&R's analysis regarding the certification. See ECF No. 66 at 14. The R&R discusses the certification to show that Hamada could not have actually been on FMLA leave. Even in the light most favorable to Hamada, it is indisputable that Boeing determined that Hamada's certification was inadequate. But this determination did not impact Hamada's FMLA retaliation claim because the Magistrate Judge allowed his request for FMLA leave to be considered a relevant protected activity.

Regarding the other evidence cited by Hamada, the R&R clearly considered and fairly interpreted it in the context of the applicable law on FMLA retaliation.  Hamada first objects that "[t]he Court states that the only evidence [of causation] is time" but then goes on to specify the dates in which Hamada applied for FMLA leave, submitted documentation, and received denial from Boeing's leave service center.  ECF No. 66 at 14.  For the same reasons discussed under Objection 7, the court overrules this objection.  The R&R considered the time between when Hamada submitted his request for FMLA leave and when he was terminated and found that it was a favorable factor for Hamada.  However, temporal proximity on the basis of one to two months between a protected activity and adverse action is not alone sufficient to prove causation.  See ECF No. 62 at 23.  Hamada claims in his objection that Boeing knew why Hamada was in Egypt and failed to remind him about the denial of paperwork, but this fact still fails to show causation.  While such a claim might have survived at a motion to dismiss stage— perhaps based on an arguably plausible inference that Boeing waited for this exact moment (providing Hamada with preliminary FMLA leave, denying his paperwork, and assuming he would not respond) to fire him—this evidence is entirely insufficient at this stage of the proceedings.  Hamada fails to otherwise provide any evidence, including in Hamada's testimony that he provided in his response to summary judgment, showing Boeing terminated Hamada "because the plaintiff engaged in a protected activity."  See Cooper v. Spartanburg Cty. Sch. Dist. No. 7, 2016 WL 4491870, at *5 (D.S.C. June 15, 2016).  Rather, the evidence of record compels a contrary conclusion.

Finally, Hamada claims Boeing could have placed Hamada on leave without pay instead of terminating his employment.  The R&R fairly considered evidence about

14

Boeing's decision-making process and whether a nondiscriminatory reason existed for its decision to terminate Hamada.  First, the R&R correctly determined that Hamada's failure to provide proper certification was a nondiscriminatory reason for terminating him.  The record indicates that Hamada's previous requests for FMLA leave were consistently granted or denied based on whether he provided the proper paperwork in the appropriate timeframe.  ECF No. 54-8 at 3; compare ECF No. 54-9 with ECF No. 54-13 at 10.  Furthermore, the R&R thoroughly considered whether Boeing's reason for terminating Hamada was pretextual based on Hamada's contention that it could have placed Hamada on leave without pay instead of terminating him.  ECF No. 62 at 24.  The R&R correctly determined that Hamada provided no evidence to support this contention, particularly in light of Boeing's evidence that it terminated seventeen employees between April 2018 and February 2019 for the same reason it terminated Hamada.  Id. (citing ECF Nos. 54-13 at 5; 57).  In sum, the R&R provided Hamada the benefit of viewing the facts in the light most favorable to him, but his contentions fell short at each step of the tripartite analysis.  Therefore, the R&R correctly found that Boeing is entitled to summary judgment on Hamada's FMLA claim.

## IV.   CONCLUSION

For the foregoing reasons the court **ADOPTS** the Magistrate Judge's R&R and **GRANTS** Boeing's motion for summary judgment.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**September 27, 2021**
**Charleston, South Carolina**