**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| MAHMOUD HAMADA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:19-cv-02777-DCN |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| THE BOEING COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant The Boeing Company's ("Boeing") submission of a bill of costs for $11,383.03. ECF No. 70. Plaintiff Mahmoud Hamada ("Hamada") objects to the costs. ECF No. 71. For the reasons set forth below, the court sustains in part and overrules in part Hamada's objections and grants Boeing $10,584.18 in costs.

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54(d)(1) creates a presumption "that costs are awarded to the prevailing party." Keeshan v. Eau Claire Coop. Health Ctrs., Inc., 394 F. App'x 987, 997 (4th Cir. 2010). However, "while Rule 54(d)(1) intends the award of costs to the prevailing party as a matter of course, the district court is given discretion to deny the award." Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999). "To overcome the presumption [of awarding costs], a district court must justify its decision [to deny costs] by articulating some good reason for doing so." Id. A district court's decision to award or deny costs is reviewed for abuse of discretion. Id.

1

Boeing prevailed in this action, having judgment entered in its favor pursuant to the court's order affirming the magistrate judge's report and recommendation and granting Boeing's motion for summary judgment. ECF No. 68. Boeing submitted a bill of costs that includes fees from the depositions taken in this case and fees for witnesses pursuant to 28 U.S.C. § 1821. ECF Nos. 70, 70-1, 70-2, and 70-3. Hamada objects to these costs, arguing that (1) Boeing failed to present any invoices; (2) Boeing is not entitled to recover the cost of fees for those deposition transcripts that it did not need or use in summary judgment proceedings; and (3) Boeing did not make a good faith effort to avoid the witness fees for witnesses who were represented by Hamada's counsel.

Turning to Hamada's first objection, counsel for Boeing affirmed via sworn affidavit that its itemization of the costs "is an actual amount incurred or expended by Boeing." ECF No. 70-1 ¶ 4. Boeing did not provide the invoices for its costs until filing its reply memorandum. See ECF No. 72-1. As other courts in this circuit have observed, this fact is not dispositive for denying costs:

> Plaintiff contends that Defendant's failure in the first instance to include the invoices when it itemized the costs sought prevents this court from awarding those costs now. Certainly, the better practice is to include all documentation to itemize a bill of costs on the initial filing. Here, however, Defendant provided the invoices in its reply brief and certified that the costs were incurred in connection with this litigation . . . . The court has the discretion to award costs where supplemental affidavits support the amount sought. See Centennial Broad., LLC v. Burns, [] 2007 WL 1839736, at *1 (W.D. Va. June 22, 2007) (granting costs after prevailing party supplemented its initial bill of costs with additional affidavits).

Faulconer v. Centra Health Inc., 2020 WL 3423480, at *2 (W.D. Va. June 1, 2020), report and recommendation adopted in full, 2020 WL 3422195 (June 22, 2020). Hamada has not challenged the substance of the invoices Boeing submitted, and the court has no reason to find that Boeing's invoices fail to confirm the itemization in its bill of costs.

2

Therefore, Boeing's failure to initially provide invoices along with its bill of costs does not convince the court that it should deny costs to Boeing.

As for Hamada's second objection, 28 U.S.C. § 1920 permits recovery of costs for deposition transcripts "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). "A district court should award costs when the taking of a deposition is reasonably necessary at the time of its taking." LaVay Corp. v. Dominion Fed. Sav. & Loan Ass'n, 830 F.2d 522, 528 (4th Cir. 1987). "In order for the deposition to be necessary, it needs only to be relevant and material for the preparation in the litigation." Francisco v. Verizon S., Inc., 272 F.R.D. 436, 442–43 (E.D. Va. 2011). For instance, the deposition does not have to be used in a motion for dispositive relief. Id. at 443. "Additionally even if it is not used at trial, a deposition taken within the proper bounds of discovery is normally deemed to be necessarily obtained for use in the case." Signature Flight Support Corp. v. Landow Aviation Ltd. P'ship, 730 F. Supp. 2d 513, 531 (E.D. Va. 2010), aff'd sub nom. 442 F. App'x 776 (4th Cir. 2011) (internal quotations and citation omitted).

Boeing took the depositions of eleven witnesses: Hamada, El Sayed Hamada, Keith McDonald, Matt Ferrell, Ryan Trecy, Alton Owen, Kurt Hollensteiner, Luis De Leon, Richard Meester, Eric Dixon, and Imad Majid. Boeing cited portions of the deposition transcripts for Hamada, El Sayed Hamada, Keith McDonald, Matt Ferrell, and Ryan Trecy in its summary judgment briefs. ECF No. 70-3 at 3. Hamada argues that outside of the transcript for his own deposition, Boeing only cited to a minimal number of pages from these other transcripts. However, § 1920 does not require use of the entire transcript in a dispositive motion. The court finds that the depositions listed above were

cited for relevant and material facts in Boeing's motion for summary judgment, and as such, they were reasonably necessary for purposes of the statute. Therefore, Boeing is entitled to recover the costs of the deposition transcripts for these witnesses.

Boeing did not cite the deposition transcripts of Alton Owen, Kurt Hollensteiner, Luis De Leon, Richard Meester, Eric Dixon, and Imad Majid in its summary judgment briefing. As Boeing explained,

> These depositions were not utilized by Boeing because many of these witnesses, including Alton Owen, Richard Mester, and Kurt Hollensteiner, admitted they did not have any information regarding Plaintiff's case, did not know what claims Plaintiff had asserted against Boeing, had never discussed the lawsuit with Plaintiff, and did not know they were being called as witnesses in this case until they were summoned to appear for their depositions.

ECF No. 70-3 at 4 n.4. It its reply to Hamada's objection to the bill of costs, Boeing argues that taxation for costs of these depositions should still be permitted because the witnesses were identified by Hamada "as individual[s] with knowledge regarding the case." ECF No. 72 at 3. After review of the record and issues in this case, the court finds that five of these six depositions that were not cited in Boeing's summary judgment briefing were reasonably necessary because the depositions were anticipated to be relevant and material to this litigation. Section 1920 does not distinguish between use at trial or in dispositive motions on the one hand and use in developing a case on the other. See Ford v. Zalco Realty, Inc., 708 F. Supp. 2d 558, 562 (E.D. Va. 2010). As such, courts have previously determined that taxation of deposition costs for witnesses who were on the losing party's witness list is reasonable. See U.S. E.E.O.C. v. W&O, Inc., 213 F.3d 600, 620–22 (11th Cir. 2000) ("Taxation of deposition costs of witnesses on the losing party's witness list is reasonable because the listing of those witnesses indicated both that the plaintiff might need the deposition transcripts to cross-examine

4

witnesses . . . and that the information those people had on the subject matter of this suit was not so irrelevant or unimportant that their depositions were outside the bound of discovery.") (internal quotations and citation omitted)); McCoy v. Univ. of Va. Med. Ctr., 2021 WL 3282150, at *4 (W.D. Va. July 30, 2021) (finding that because the plaintiff had identified witnesses in her initial disclosures and listed them as potential witnesses, it was reasonable for the prevailing defendant to believe deposing the witnesses was reasonably necessary); Ford, 708 F. Supp. 2d at 562–63 ("[A]ll eight [deponents] were named on the parties' witness lists.  As such, the Court finds that these eight depositions were necessary within the meaning of 28 U.S.C. § 1920.").  Moreover, courts in other circuits have found that depositions of witnesses who did not appear on a witness list may be excluded from costs.  See Ferguson v. Bombardier Servs. Corp., 2007 WL 601921, at *3 (M.D. Fla. Feb. 21, 2007) (finding that since "two of the deponents were not on any witness list," their depositions should be deducted from the bill of costs); Karsian v. Inter-Regional Fin. Grp., 13 F. Supp. 2d 1085, 1088 (D. Colo. 1998) ("[C]osts for depositions of individuals who did not . . . appear on the parties' pretrial order and one of the parties' final witness lists are not taxable . . . .").

Here, five of the six witnesses whose depositions were not cited in Boeing's summary judgment briefs were listed in Hamada's witness list submitted on May 6, 2020 as part of Hamada's local rule 26.03 answers to interrogatories: Alton Owen, Kurt Hollensteiner, Luis De Leon, Richard Meester, and Imad Majid.  ECF No. 38-1.  Two of those witnesses—Kurt Hollensteiner and Richard Meester—were removed from Hamada's subsequent witness list on May 25, 2020.  ECF No. 42-1.  It appears that both Hollensteiner and Meester were deposed on May 19, 2020, ECF Nos. 48-5, 48-6,

meaning it was reasonable for Boeing to rely on Hamada's witness list in deposing them. However, the court has searched the docket and fails to see where Eric Dixon was identified by Hamada as a witness. Dixon was not disclosed as a witness in any iteration of Hamada's witness list. See ECF Nos. 12-1, 33-1, 38-1, 42-1. Because Dixon was not on a witness list and Boeing has not offered any other explanation as to why it needed Dixon's deposition transcript, the court finds that costs should not be awarded for Eric Dixon's deposition because based on the record, Boeing deposed Dixon without the suggestion that it was reasonably necessary. In sum, the court finds that the depositions, with the exception of Eric Dixon's, were reasonably necessary and awards costs to defendants for the deposition transcripts accordingly.[1]

As a third objection, Hamada argues that that Boeing is not entitled to fees for nonparty witnesses who were represented by Hamada's attorney. Hamada explains that Boeing could have, but failed to, request that Hamada waive those fees, and Hamada should not be responsible for costs that Boeing should have avoided in good faith. This argument is unavailing. Witness fees are paid as a matter of course under 28 U.S.C. § 1821. 28 U.S.C. § 1821(a) ("Except as otherwise provided by law, a witness in attendance . . . shall be paid the fees and allowances provided by this section.") (emphasis added). Hamada fails to cite any caselaw indicating that witness fees for nonparty witnesses represented by the losing party do not apply toward a bill of costs. The court likewise fails to identify any such authority and finds that Hamada's interpretation would run contrary to how other courts have interpreted the statutory fee. C.f. Ronco v. State

---

[1] According to Boeing's itemized costs, the deposition transcript fees for Eric Dixon's deposition amounted to $798.85. ECF No. 70-3 at 3.

Farm Mut. Auto. Ins. Co., 2016 WL 9526314, at *4 (M.D. Fla. July 19, 2016) (finding that § 1821(b) "applies even to fees paid to depose the opposing party's experts"). And, as Boeing points out, if Hamada truly believed that witness fees were unnecessary for the witnesses that Hamada's counsel represented, Hamada could have stated that he was waiving those fees up front or returned them at the time of their depositions. Therefore, Hamada's representation that he would have waived the fees does not weigh in favor of denying costs.[2]

As a final matter, Boeing argues in its reply that summary judgment was not a marginal victory. A party may contend that "the closeness or difficulty of the issues decided" is a factor to be weighed in a court's decision of whether to grant or deny costs. Cherry, 186 F.3d at 446 (identifying fifth factor). However, Hamada did not object to the bill of costs on the ground that Boeing's victory was only marginal. As such, the court need not weigh whether its decision on summary judgment was close or difficult.

In sum, the court finds that, with one narrow exception, Hamada's arguments do not overcome the presumption of awarding costs to the prevailing party. For the reasons set forth above, the court disallows $798.85 in deposition fees. In all other respects, Boeing's bill of costs is affirmed. Therefore, the court **SUSTAINS IN PART** and

---

[2] Although Eric Dixon was listed as one of the witnesses used to compute witness fees, the court will not strike the $51.50 statutory witness fee for Eric Dixon from the costs to be awarded. ECF No. 70 at 2. Unlike deposition transcript fees, which must be "necessarily obtained for use in the case," 28 U.S.C. § 1920(2), there is no similar requirement for attendance and milage fees paid to witnesses. See 28 U.S.C. § 1821; see also Cofield v. Crumpler, 179 F.R.D. 510, 516–17 (E.D. Va. 1998) (applying 28 U.S.C. § 1920(3) to determine the $40 per day allowance applies to witnesses in attendance at depositions).

**OVERRULES IN PART** Hamada's objections and **GRANTS** Boeing $10,584.18 in costs.

    **AND IT IS SO ORDERED.**

                                          DAVID C. NORTON
                                          UNITED STATES DISTRICT JUDGE

**November 22, 2021**
**Charleston, South Carolina**